UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0324(4) (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER DESHAWN SPENCER, | |
| Defendant. | |

Defendant Christopher Spencer is serving a 120-month sentence after pleading guilty to conspiracy to distribute cocaine and cocaine base. On February 23, 2021, Spencer filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 269. On February 24, 2021, the Court stayed Spencer's motion so he could comply with the exhaustion requirement in § 3582(c)(1)(A). ECF No. 270. Having now satisfied the exhaustion requirement, Spencer has filed an amended motion for compassionate release and a motion to appoint counsel. ECF Nos. 275, 276. For the reasons that follow, Spencer's motions are denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" The Sentencing Commission has issued

U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Section 1B1.13 was issued when the Bureau of Prisons had the sole authority to bring motions for release under § 3582(c)(1)(A). Unfortunately, § 1B1.13 has not been updated to reflect that, as a result of the 2018 First Step Act, defendants now have the ability to bring such motions directly.

This anomaly has given rise to a debate concerning whether and to what extent § 1B1.13 applies to motions filed by defendants, with several circuits recently holding that § 1B1.13 applies only to motions filed by the Bureau of Prisons, and not to motions filed by defendants on their own behalf. *See United States v. McCoy*, 981 F.3d 271, 280–84 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). The Eighth Circuit has not yet addressed this issue. For reasons that this Court has explained at length in a prior order, this Court finds that "§ 1B1.13 does not apply to motions for compassionate release filed by defendants," but that "§ 1B1.13's definition of 'extraordinary and compelling' should be afforded substantial deference when a court considers compassionate-release motions filed by defendants." *United States v. Logan*, No. 97-CR-0099(3) (PJS/RLE), 2021 WL 1221481, at *4 (D. Minn. Apr. 1, 2021).

Spencer argues that there are several extraordinary and compelling reasons for his release. First, Spencer points to the COVID-19 pandemic. But Spencer has not argued that he suffers from a serious medical condition that makes him particularly vulnerable to COVID-19, so his concern about the pandemic "applies to literally every person who is now incarcerated."[1] *United States v. Doss*, No. 15-CR-0106(4) (PJS/SER), 2020 WL 6503404, at *1 (D. Minn. Nov. 5, 2020). In addition, Spencer's place of incarceration (USP Beaumont) presently does not have a single infected inmate or staff member, and the Beaumont Federal Correctional Complex as a whole has fully inoculated 1,431 inmates and 322 staff.[2] The risk that Spencer will contract COVID-19 appears to be minimal.

Next, Spencer argues that the conditions at USP Beaumont violate the Eighth Amendment. *See* ECF Nos. 269, 276, 277. However, a § 3582 motion is not a proper vehicle for raising constitutional challenges to the conditions of confinement; instead, if Spencer wishes to challenge the conditions of his confinement, he must do so in a *Bivens*

---

[1] Spencer says he has swelling and numbness in his left leg and a learning disability, ECF No. 279, but neither of those conditions increases his risk of serious illness from COVID-19. Ctrs. for Disease Control and Prevention, *People with Certain Medical Conditions*, (Mar. 29, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited Apr. 26, 2021).

action filed in the federal district in which he is confined. *See United States v. Spencer*, No. 07-CR-0174(1) (JRT/JJG), 2021 WL 849565, at *1 n.1 (D. Minn. Mar. 5, 2021) (declining to consider constitutional claims in a § 3582 motion because they must be "made in a properly filed *Bivens* complaint").[3] Moreover, because the conditions at USP Beaumont impact every inmate incarcerated there, they are not particularized to Spencer and thus do not provide an extraordinary reason for his release. *See United States v. Johnson*, No. 98-CR-860(7) (ARR), 2021 WL 1207314, at *4 (E.D.N.Y. Mar. 31, 2021).

Spencer also mentions his mother's and grandmother's health conditions, ECF No. 279, but he has not shown that he is the only available caregiver. *Cf.* U.S.S.G. § 1B1.13, cmt. n.1(C)(ii) (spouse's incapacitation is extraordinary and compelling when defendant is the only caregiver). Spencer finally argues that he is rehabilitated. ECF No. 278. While commendable, Spencer's rehabilitation is expected; rehabilitation alone does not provide an extraordinary and compelling reason for release. *See Logan*, 2021 WL 1221481, at *7–8. In sum, none of the facts cited by Spencer—individually or collectively—provide an extraordinary and compelling reason to release him.

---

[3]*See also United States v. Howard*, No. 14-CR-99-1-JPS, 2021 WL 1515485, at *2 (E.D. Wis. Apr. 16, 2021); *United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 n.7 (D. Ariz. June 8, 2020); *United States v. Rodriguez-Collazo*, No. 14-CR-00378-JMY, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020); *United States v. Numann*, No. 3:16-cr-00065-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020).

The 18 U.S.C. § 3553(a) factors also weigh against Spencer's release. Spencer has spent most of his adult life in prison or on supervision. Yet Spencer's prior involvement with the criminal-justice system has not deterred him from continuing to commit serious crimes. In fact, Spencer was on parole when he committed the instant offense, which was a serious, months-long crime. *See* PSR ¶¶ 8–17, 49. Spencer's continued confinement is therefore necessary to reflect the seriousness of his offense and protect the public. *See* § 3553(a)(2).

Spencer separately requests resentencing under the Fair Sentencing Act and the First Step Act. The Fair Sentencing Act, enacted on August 3, 2010, "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from . . . 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 404 of the First Step Act, in turn, made these drug-quantity provisions retroactive. *See United States v. Harris*, 960 F.3d 1103, 1104–05 (8th Cir. 2020).

But Spencer was indicted on February 8, 2011 and sentenced on October 28, 2011—*after* enactment of the Fair Sentencing Act. ECF Nos. 31, 112. The superseding indictment, plea agreement, and presentence report ("PSR") all held him responsible for at least 280 grams of cocaine base, and Spencer was sentenced to the corresponding 10-year mandatory minimum. ECF No. 31 at 1; ECF No. 89 ¶ 6; PSR ¶ 22; ECF No. 112. Since Spencer was indicted and sentenced after the Fair Sentencing Act's enactment, the

mandatory minimum triggered by 280 grams of cocaine base is the same today as it was at the time he was sentenced.[4]  *Compare* 21 U.S.C. § 841(b)(1)(A) (2010) (280 grams triggers 10-year mandatory minimum), *with* 21 U.S.C. § 841(b)(1)(A) (2018) (same).[5]  In short, because Spencer's "sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," he is not eligible for relief under § 404.[6]  First Step Act of 2018, Pub. L. No. 115–391, § 404(c), 132 Stat. 5194, 5222 (2018); *see also United States v. Boyd*, 987 F.3d 278, 283 (2d Cir. 2021) (per curiam); *United States v. Saunders*, 836 F. App'x 112, 114 (3d Cir. 2020); *United States v. Walker*, No. 20-10912-H, 2020 WL 5506392, at *1–2 (11th Cir. Aug. 25, 2020) (per curiam). Spencer's request for resentencing under § 404 is therefore denied.

---

[4]For this reason, the Court also rejects Spencer's argument that he is subject to a sentencing disparity, justifying his release under § 3582(c)(1)(A)(i).  ECF No. 276 at 6.

[5]In addition, to calculate the guidelines range, the PSR used the version of the Guidelines Manual incorporating the November 1, 2010 amendments.  PSR ¶ 28.  That version included the Fair Sentencing Act's reduced penalties.  *See* Supplement to the 2010 Guidelines Manual (U.S. Sent'g Comm'n Nov. 1, 2010).

[6]Defendants are eligible if they:  (1) committed an offense before August 3, 2010 in violation of a federal statute whose penalties were later modified by the Fair Sentencing Act, (2) were not originally sentenced in accordance with the Fair Sentencing Act, (3) have not already received a sentence reduction in accordance with the Fair Sentencing Act, and (4) have not previously been denied resentencing under § 404.  *See United States v. McDonald*, 944 F.3d 769, 772 & n.1 (8th Cir. 2019); First Step Act of 2018, Pub. L. No. 115–391, § 404, 132 Stat. 5194, 5222 (2018).  As noted, Spencer is not eligible because he was originally sentenced in accordance with the Fair Sentencing Act.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motions for release [ECF Nos. 269, 276] are DENIED.

2. Defendant's motion to appoint counsel [ECF No. 275] is DENIED AS MOOT.

Dated: April 26, 2021

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge